IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | Cause No. CV 10-00004-H-DWM-RKS<br><br>ORDER TO SERVE AMENDED COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>(Defendants see D.Mont. L.R. 12.2) |

This matter was filed January 20, 2010.  On January 26, 2010,

the Court issued an Order granting Plaintiff's Motion for Leave to

Proceed in Forma Pauperis and permitting Plaintiff to file an Amended

Complaint.  Plaintiff filed an Amended Complaint (Court Doc. 12) and a

Motion for Recusal (Court Doc. 11) on February 18, 2010.  The Court

has jurisdiction pursuant to 28 U.S.C. § 1331.

After consideration of Plaintiff's Amended Complaint as set forth

herein, the Court will require Defendant O'Neal to make an appearance

on Plaintiff's claims.  Defendants State of Montana, Corrections

Corporation of America, Montana Department of Corrections, Ted

Lympus, Kathrin Curtis, Schweitzer, Ferriter, Law, Valrath, Generalli,

Rost, Schnee, Christianson, and Crossroads Correctional Center will be

recommended for dismissal.  Plaintiff's Motion for Recusal will be

denied.

I.  PRESCREENING ANALYSIS

The Court will now complete the prescreening process required by

28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

A.    Named Defendants

1.  Defendants not Named in Amended Complaint

In his original Complaint, Plaintiff named the State of Montana,

Corrections Corporation of America, Montana Department of Corrections, Dr. Michael O'Neal, Dr. Generalli, P.A. Christopher Rost, R.N. Schnee, Brian Schweitzer, Ted Lympus, and Kathrin Curtis as Defendants.

In his Amended Complaint, Plaintiff named Dr. Michael O'Neal, Dr. Generalli, P.A. Christopher Rost, R.N. Schnee, Brian Schweitzer, Michael Ferriter, Sam Law and Mr. Valrath as Defendants.   In the body of his Amended Complaint, Plaintiff also names Unit Manager Christianson and Crossroads Correctional Center.

Plaintiff was advised in the Court's prior Order that his Amended Complaint would constitute a complete substitute for his original complaint.  Accordingly, Defendants State of Montana, Corrections Corporation of America, Montana Department of Corrections, Ted Lympus, and Kathrin Curtis will be recommended for dismissal as Plaintiff failed to name these Defendants in his Amended Complaint.

2.  Supervisory Officials

Plaintiff alleges Defendants Schweitzer, Ferriter, Law, and Valrath are heads of the State of Montana and the Montana

Department of Corrections, "thus making any action or negligence the burden of that office and the officers below." (Court Doc. 12-1, p. 1).

As set forth in the Court's prior Order, Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. Monell v. Department of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. Monell, 436 U.S. at 691-94. Plaintiff was specifically notified that a defendant will not be held liable just because they oversee the State, a prison, or the Department of Corrections. See Court Doc. 6.

Despite this information, Plaintiff's Amended Complaint contends Governor Brian Schweitzer, Administrator Michael Ferriter, Warden Sam Law, and Department of Corrections Liason Valrath are liable because they are "above the staff of Crossroads Correctional Center, a Dept. of Corrections Contract Facility for which Gov. Schweitzer is head of the D.O.C. thus making may action or negligence the burden of that office and the officers below." (Court Doc. 12-1, p. 1).

This is insufficient to hold these Defendants liable under Section 1983.  Supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  Plaintiff seeks to hold these Defendants liable merely because they have oversight responsibilities over Crossroads and its employees. This is insufficient to state a federal claim under 42 U.S.C. § 1983.

These Defendants will be recommended for dismissal.

B.  Denial of Comfort Items

Plaintiff states he injured his wrist in 1997 and his back in 2005. He alleges "both were covered by Labor and Industries and disability ratings issued." (Court Doc. 12, p. 5).  He alleges Defendants Schnee and Christianson knew his back's medical history and the expressed pain he was in and yet they denied him a second mattress and would not address his request for a wrist brace.  He alleges they had a responsibility to inform the committee of the "progressive worsening" surrounding his "scar tissue and siatica [sic] problems surrounding the use of only a 2 " thick mattress and no chairs." (Court Doc. 12, p. 5).

He joins Dr. Generalli, P.A. Rost, R.N. Schnee, Ms. Christianson for allegedly causing daily compression on his injured discs, restricted liberties, pain, and progressive worsening of injured discs and his sciatic nerve.

As set forth in the Court's prior Order, two elements comprise an Eighth Amendment claim for deliberate indifference to serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' '  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (internal citations omitted).

"Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.' "  Lopez v. Smith, 203 F.3d

1122, 1131 (9th Cir. 2000) (en banc) (citing McGuckin v. Smith, 974
F.2d 1050, 1059-60 (9th Cir. 1992) overruled on other grounds by WMX
Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)).

Additionally, the Eighth Amendment may be violated when a
prisoner is denied "the minimal civilized measure of life's necessities."
Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  If Plaintiff's allegations
are true, his condition might conceivably be a "serious medical need"
that Defendants knew existed. However, Plaintiff has alleged facts
which, if believed, establish a difference of opinion but not deliberate
indifference.  The Amended Complaint should be dismissed as to these
claims.

C.  Denied Medications

In his second count, Plaintiff alleges he was diagnosed with
anxiety, depression, and dependent personality disorder with passive
aggressive and paranoid features in 1991.  In 1998, he was diagnosed
with post traumatic stress disorder.  He states he was on psychiatric
medications since 1991 both prior to his incarceration and while at
Montana State Prison.  In 2006, he was re-evaluated for depression and

prescribed new medications.  While he was incarcerated at the Montana State Prison he was again evaluated by Dr. Schaffer.  He was given a "keep on person" prescription at MSP which he took daily at the same time as he had done for nearly 20 years.

Medications were not allowed to be kept on the person at Crossroads.  Despite this rule, on  December 19, 2008, Plaintiff attempted to take two pills back to his cell because he had a sore throat and wanted to dissolve the pills in warm water to drink.  He was caught with the pills in his shirt pocket and put in the "hole" for three days and removed from his medications until February 9, 2010, soon after this lawsuit was filed.  Then his medications were restored but at a lower dosage.

Plaintiff alleges these actions caused drug withdrawals, extreme depression, anxiety attacks, emotional outbursts, headaches, body aches, inability to think, and confusion.

Plaintiff attributes these actions to Dr. Michael O'Neal and R.N. Schnee.  He also alleges Crossroads Correctional Center/Corrections Corporation of Americas policies and procedures showed further

negligence.  Allegations of negligence do not state a claim un § 1983.

Where defendant doctors have chosen one course of action and a plaintiff contends they should have chosen another course of action, the plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, ... and that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Liberally construed, Plaintiff seems to allege the decision to temporarily suspend then reduce the dosage of his medication was based solely upon disciplinary reasons and not medical reasons. Plaintiff, to prevail at trial, will have to present medically qualified testimony that the medication choices were unacceptable.   However, on the pleadings before the Court now, it is possible to infer that the decision was made in conscious disregard of an excessive risk to Plaintiff's health.  As such, the Court will require a response to this claim from Dr. O'Neal.  The allegations against R.N. Schnee are utterly conclusory even after an opportunity to amend.  They should be

dismissed.

Plaintiff also states in his Amended Complaint, "Crossroads Correctional Center/ Corrections Corporation of Americas policies and procedures showing further negligence."  This single statement is insufficient to state a claim for improper polices and procedures against these entities.

## II. MOTION FOR RECUSAL

Plaintiff is seeking the removal of the undersigned and Judge Molloy from this case on the grounds of bias and prejudice said to be shown in earlier decisions again him in litigated matters.  See CV-08-71-H-DWM-RKS; CV-09-02-H-DWM-RKS; CV-09-41-M-DWM; CV-09-58-M-DWM-JCL; CV-10-08-M-DWM-JCL.

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same:  "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  Ordinarily, the alleged bias must stem from an "extrajudicial source."  Liteky v. United States,

510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

"[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky, 510 U.S. at 554-556.  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 554-556.

The mere fact a judge may have ruled against Plaintiff in a prior proceeding does not constitute a basis for bias.  Plaintiff's motion will be denied.

## III.  CONCLUSION

The Court has considered whether Plaintiff's Amended Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b).  The Court concludes dismissal of Plaintiff's claims against Defendant O'Neal is not appropriate at this time.  This Defendant must make an appearance on Plaintiff's claims.

Defendants State of Montana, Corrections Corporation of America, Montana Department of Corrections, Ted Lympus, Kathrin Curtis, Schweitzer, Ferriter, Law, Valrath, Generalli, Rost, Schnee, Christianson, and Crossroads Correctional Center will be recommended for dismissal with prejudice.

Based on the foregoing, the Court issues the following:

### ORDER

1.  Plaintiff's Motion for Recusal (Court Doc. 11) is DENIED.

2.  Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant O'Neal to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[1]  The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing.  If Defendant O'Neal, chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days after the entry date of

---

[1]As Defendants State of Montana, Corrections Corporation of America, Montana Department of Corrections, Ted Lympus, Kathrin Curtis, Schweitzer, Ferriter, Law, Valrath, Generalli, Rost, and Schnee are recommended for dismissal, they do not need to file a responsive pleading at this time.

this Order as reflected on the Notice of Electronic Filing, pursuant to

Fed.R.Civ.P. 12(a)(1)(B).  See 42 U.S.C. § 1997e(g)(2) (while Defendants

may occasionally be permitted to "waive the right to reply to any action

brought by a prisoner confined in any jail, prison, or other correctional

facility under section 1983," once the Court has conducted its sua

sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b),

and thus, has made a preliminary determination based on the face on

the pleading alone that Plaintiff has a "reasonable opportunity to

prevail on the merits," Defendants are required to respond).

    3.  The Clerk of Court shall forward the documents listed below

to:

Chad E. Adams, Sara S. Berg, and J. Daniel Hoven
Browning Kaleczyc Berry & Hoven
P.O. Box 1697
Helena, MT  59624-1697

       *      Plaintiff's Complaint (Court Doc. 2);

       *      the Court's January 26, 2010 Order (Court Doc. 6);

       *      Plaintiff's Motion for Counsel and for Issuance of
             "Temporary Restraining Order" (Court Doc. 8);

       *      Order denying Motion for Counsel and for Issuance of
             "Temporary Restraining Order" (Court Doc. 9);

*      Plaintiff's Motion for Recusal (Court Doc. 11);

*      Plaintiff's Amended Complaint (Court Doc. 12);

*      this Order,

*      a Notice of Lawsuit & Request to Waive Service of Summons; and

*      a Waiver of Service of Summons

Should counsel determine they do not represent Defendant O'Neal in this matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant O'Neal must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  See D. Mont. L.R. 12.2.

4.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information
presented in letter form.

5.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the
Court's consideration must be simultaneously served by first-class mail
upon the opposing party or their counsel if the party is represented.
Each party shall sign and attach a proper certificate of service to each
document filed with the Court.  The Certificate of Service must state
the date on which the document was deposited in the mail and the
name and address of the person to whom the document was sent.  The
sender must sign the certificate of service.

6.  Plaintiff shall not make any motion for default until at least
seventy (70) days after the date of this Order.

7.  At all times during the pendency of this action, Plaintiff
SHALL IMMEDIATELY ADVISE the Court and opposing counsel of
any change of address and its effective date.  Such notice shall be
captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
contain only information pertaining to the change of address and its
effective date, except if Plaintiff has been released from custody, the

notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATION

1.  Defendants State of Montana, Corrections Corporation of America, Montana Department of Corrections, Ted Lympus, Kathrin Curtis, Schweitzer, Ferriter, Law, Valrath, Generalli, Rost, Schnee, Christianson, and Crossroads Correctional Center should be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of

the Findings and Recommendations to which objection is made.  The district

judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de

novo determination by the district judge and may waive the right to appeal

the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This Order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be

filed until entry of the District Court's final judgment.

DATED this 15th day of April, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge

NOTICE OF LAWSUIT AND REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO:   Chad E. Adams, Sara S. Berg, and J. Daniel Hoven
      Browning Kaleczyc Berry & Hoven
      P.O. Box 1697
      Helena, MT  59624-1697

       A lawsuit has been commenced by a pro se plaintiff against the
following individuals:  Dr. Michael O'Neal.  A copy the Amended Complaint is
attached to this notice.  It has been filed in the United States District Court
for the District of Montana, Civil Action No. CV-10-00004-H-DWM-RKS.  The
Court has completed its pre-screening and concludes these Defendants must
file a responsive pleading.  See 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§
1915(e)(2), 1915A(a), (b).

       This is not a formal summons or notification from the Court, but rather
a request that you sign and return the enclosed waiver of service in order to
save the cost of service by the U.S. Marshal's Service.  The cost of service will
be avoided if you return the signed Waiver of Service of Summons within 30
days after the entry date reflected on the Notice of Electronic Filing of the
"Order to Serve Complaint by Requesting Waiver of Service of Summons,"
which was served with this Notice.

       If you comply with this request and return the waiver to the Court, it
will be filed with the Court and no summons will be served.  The action will
then proceed as if you had been served on the date the waiver is filed, except
you must file an answer or appropriate motion before 60 days from the date
the Order directing this Notice of Lawsuit and Request for Waiver of Service
of Summons to be sent was entered as indicated on the Notice of Electronic
Filing.

       If you do not wish to waive service on behalf of Defendant, please
indicate this on the Waiver of Service of Summons form.  The Court will, in
turn, order the U.S. Marshal's Service to serve the complaint personally on
Defendant and may impose the full costs of such service.

                          /s/Keith Strong
                          Keith Strong
                          United States Magistrate Judge

## WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  <u>Dunsmore v. State of Montana, et al.</u>, Civil Action No. CV-10-00004-H-DWM-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Amended Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____        _____

DATE                              SIGNATURE

                                        _____

PRINTED/TYPED NAME

                                        _____

ADDRESS