

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL P. DUNSMORE, | ) | CV 10-4-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Dunsmore is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong entered Findings and Recommendations in this matter on April 15, 2010. Plaintiff timely objected and therefore is entitled to de novo review of those portions of the Findings and Recommendations to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

-1-

Judge Strong recommended dismissing with prejudice all of Dunsmore's claims except his claim against Defendant O'Neal. Judge Strong also denied Dunsmore's motion for recusal of both Judge Strong and Judge Molloy because there is no evidence of bias against Dunsmore. He found that the Court's prior rulings against Dunsmore in other matters are no evidence of bias that requires recusal. Litecky v. U.S., 510 U.S. 540, 554-56 (1994).

Dunsmore objects to Judge Strong's Findings and Recommendations on several bases. First, he asserts that all of the defendants have failed to perform their professional duties and have acted with indifference to Dunsmore's medical needs, and he states that all defendants have "acted in conspiracy [and] collusion" to violate his rights. Pl.'s Obj. at 3. However, he offers nothing to undermine Judge Strong's reasoning for dismissing the defendants and has offered no supporting factual basis for his claims. Such conclusory allegations are insufficient to show that he may be entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dunsmore also objects to Judge Strong's findings that Dunsmore cannot sue the State of Montana or hold the state employers liable under § 1983 for the alleged acts of their employees. As Judge Strong correctly found, § 1983 imposes liability on state actors only if they have personally violated a plaintiff's civil rights, not simply on the basis of the

employer-employee relationship. Monell v. Dept. of Social Services, 436 U.S. 658, 691-94 (1978).

Dunsmore restates his belief that both Judge Strong and Judge Molloy are biased and should be recused from this matter. However, as Judge Strong found, Dunsmore has offered nothing to suggest bias by the Court except adverse orders against Dunsmore. This alone is insufficient to show bias or require recusal. Litecky, 510 U.S. at 554-56.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #13) are adopted in full. Defendants State of Montana, Corrections Corporation of America, Montana Department of Corrections, Ted Lympus, Kathrin Curtis, Schweitzer, Ferriter, Law, Valrath, Generalli, Rost, Schnee, Christianson, and Crossroads Correctional Center are DISMISSED WITH PREJUDICE.

Dated this 9th day of June, 2010.

Donald W. Molloy, District Judge
United States District Court

-3-