IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
JUN 24 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| MICHAEL P. DUNSMORE, | Cause No. CV 10-00004-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Pending is Plaintiff Michael Dunsmore's request for reconsideration of this Court's Order of June 9, 2010 adopting Judge Strong's Findings and Recommendations (Court Doc. 26) and reconsideration of Judge Strong's Order of June 9, 2010 denying Dunsmore's Motion to Amend. (Court Doc. 27).

## I. ORDER ADOPTING FINDINGS AND RECOMMENDATION

With regard to the Order Adopting Judge Strong's Findings and Recommendations, Dunsmore's Motion is construed as a Motion for Reconsideration pursuant to Local Rule 7.3. In that regard, the Motion will be denied for two reasons. First, Dunsmore does not meet the standards of Local Rule 7.3. That is, he has not filed a motion for leave to file a motion for reconsideration, and he cannot establish that the facts and applicable law are

materially different from the facts and law presented to the Court before its adoption of Judge Strong's Findings and Recommendations or that new facts or law have emerged since the Court's Order.

Secondly, Dunsmore has presented no new argument that convinces the Court that the adoption of the Findings and Recommendation or the denial of his motion for recusal was inappropriate.

## II. ORDER DENYING MOTION TO AMEND

Dunsmore also seeks reconsideration of Judge Strong's June 9, 2010 Order denying his motion to amend. The Court may reconsider a pretrial matter ruled upon by a magistrate judge if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Dunsmore has made no such showing.

In his Motion to Amend, Dunsmore sought to add Eldon Huffine (another inmate) as an assign to assist him since the Court had refused to appoint counsel. He also sought to add his children as plaintiffs. Judge Strong is correct that Dunsmore is not a licensed attorney and therefore cannot represent anyone besides himself in this case. C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966)(lay person lacks authority to appear as an attorney for others). Similarly, Eldon

Huffine is not an attorney and cannot represent Mr. Dunsmore or anyone else in this action. Id.

There is no showing that Judge Strong's ruling was clearly erroneous or contrary to the law.

Accordingly, the Court issues the following:

### ORDER

1. Dunsmore's "Request for Reconsideration by Judge Molloy's Order of Doc. Nos. 26 and 27" (Court Doc. 28) is **DENIED**.

3. At all times during the pendency of this action, Mr. Dunsmore SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 24th day of June, 2010.

Donald W. Molloy, District Judge
United States District Court