IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MICHAEL O'NEAL,<br><br>Defendant. | Cause No. CV 10-00004-H-DWM-RKS<br><br>ORDER DENYING MOTIONS FOR CLARIFICATION AND TO FREEZE ALL ASSETS |

Plaintiff Michael Dunsmore has filed a "Motion for this Court to Order Clarification from Crowley/Fleck counsel for Dr. Michael O'Neill" (Court Doc. 43) and a "Motion to Freeze all Assets, Real Property of the Estate of Michael O'Neill Dr." (Court Doc. 44). The motions lack merit. They will be denied.

A.  Procedural Background

Counsel for Dr. O'Neill waived service in this matter on May 6, 2010. (Court Doc. 22). On June 23, 2010, Defendant O'Neill filed a Motion for Extension of Time to File Responsive Pleadings on the grounds that Dr. O'Neill was receiving medical treatment out of state

and was unable to meet with his attorneys. (Court Doc. 29). That motion was denied for failure to comply with Local Rule 7.1(c)(1). (Court Doc. 30). According to the Notice of Death filed in this action, Dr. O'Neill passed away on June 24, 2010. (Court Doc. 42). It appears counsel was made aware of Dr. O'Neill's death on or about June 28, 2010. (Court Doc. 45, p. 3). On July 6, 2010, after complying with Local Rule 7.1(c)(1), counsel refiled the motion for extension of time to file a responsive pleading again stating that Dr. O'Neill was receiving medical treatment out of state and had been unable to meet with his attorneys on the matter. (Court Doc. 37, p. 2). The extension was granted on July 8, 2010. (Court Doc. 38). On August 6, 2010, counsel filed an Answer to the Amended Complaint (Court Doc. 41) and a Notice of Dr. O'Neill's Death. (Court Doc. 42).

## B.  Motion for Clarification

On August 11, 2010, Mr. Dunsmore filed his motion for clarification claiming defense counsel was attempting to defraud the Court. (Court Doc. 43). Counsel for Dr. O'Neill responded to this motion on the grounds that they filed an Answer on Dr. O'Neill's behalf

because they had a continuing obligation to represent Dr. O'Neill even after his death. Mont. Code Ann. § 37-61-401(2).

Dr. O'Neill's counsel properly filed the answer. However, Mr. Dunsmore suggests Defendant's second Motion for Extension of Time was misleading because counsel knew at the time of filing that Dr. O'Neill had passed away. This statement may be imprecise but Mr. Dunsmore suffered no prejudice as a result. Mr. Dunsmore's request that the Court take action against Defendant's counsel is denied.

## C. Motion for Appointment of Counsel

Mr. Dunsmore also seeks the appointment of counsel in his Motion for Clarification. As previously explained in three previous orders denying appointment of counsel (C.D. 6,9,15), there is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). 28 U.S.C.§ 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). Courts cannot make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490

U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Therefore, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); *see also Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

Mr. Dunsmore provides no basis for his request for the appointment of counsel and therefore has not demonstrated exceptional circumstances requiring appointment of counsel. The motion will be denied. The undersigned will recommend summary denial of any further motions to appoint counsel. Mr. Dunsmore is referred to Local Rule 7.3 for the procedure regarding motions for reconsideration.

### D. Motion to Freeze Assets

Mr. Dunsmore's Motion to Freeze Assets will also be denied. Freezing a party's assets during litigation prior to obtaining a final judgment is governed entirely by "prejudgment attachment" statutes in Montana.  In re Stevenson's Estate, 289 P. 566, 568 (Mont. 1930).  The prejudgment attachment laws are designed primarily to protect creditors in contract disputes for the direct payment of money.  Id.; Mont. Code Ann. § 27-18-101 (2009).  Montana law narrowly limits prejudgment attachment to specific actions such as unsecured contract actions and stockholders' liability actions.  § 27-18-101.  None of the prejudgment attachment claims outlined in the statute apply to Mr. Dunsmore's claim.

Further, the Court does not have jurisdiction to interfere in a state court probate action.  The "probate exception" to federal jurisdiction,

> reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.

*Marshall v. Marshall*, 547 U.S. 293, 311-312, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

Mr. Dunsmore argues in his reply that this action was pending prior to Dr. O'Neill's death and counsel for Dr. O'Neill has not referenced any pending probate actions in state court. Regardless of how long this matter has been pending or whether there is an open probate action, there has been no judgment issued against Dr. O'Neill. Therefore, this Court will not freeze Dr. O'Neill's assets or property. Those are issues properly left to a state probate action. Accordingly, Mr. Dunsmore's Motion to Freeze Assets will be denied.

**E. Notice of Death**

As set forth in the Notice of Death filed August 6, 2010, Dr. Michael O'Neill, the only remaining Defendant, passed away on June 24, 2010. Rule 25(a)(1) of the Federal Rules of Civil Procedure provides the procedure for substitution of parties after the death of a party. This procedure must be complied with on or before November 4, 2010 or this matter will be dismissed. The Clerk of Court will be directed to provide Mr. Dunsmore with a copy of Rule 25. No Scheduling Order will be issued until after a proper party has been substituted in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Dunsmore's Motion for Court to Order Clarification (Court Doc. 43) is **DENIED**.

2. Mr. Dunsmore's Request for the Appointment of Counsel (Court Doc. 43) is **DENIED**.

3. Mr. Dunsmore's Motion to Freeze Assets (Court Doc. 44) is **DENIED**.

4. The Clerk of Court is directed to provide Mr. Dunsmore with a copy of Rule 25 of the Federal Rules of Civil Procedure.

5. At all times during the pendency of this action, Mr. Dunsmore SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 4th day of October, 2010.

/s/ *Keith Strong*
Keith Strong
United States Magistrate Judge