IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| MICHAEL P. DUNSMORE,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MICHAEL O'NEILL,<br><br>Defendant. | Cause No. CV 10-00004-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE |

Pending is Defendant Dr. Michael O'Neill's Motion to Dismiss with Prejudice. (Court Doc. 49). A Notice of Death was filed in this action on August 6, 2010 indicating that Dr. O'Neill passed away on June 24, 2010. (Court Doc. 42). On October 4, 2010, the Court issued an Order advising Plaintiff Michael Dunsmore as follows:

> Rule 25(a)(1) of the Federal Rules of Civil Procedure provides the procedure for substitution of parties after the death of a party. This procedure must be complied with on or before November 4, 2010 or this matter will be dismissed. The Clerk of Court will be directed to provide Mr. Dunsmore with a copy of Rule 25.

On November 15, 2010, counsel for Defendant O'Neill filed a

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
DEFENDANT'S MOTION TO DISMISS – CV-10-00004-H-DWM-RKS / PAGE 1

Motion to Dismiss with prejudice for failure to comply with Rule 25 of the Federal Rules of Civil Procedure.  Mr. Dunsmore did not respond to the motion.

> Rule 25 of the Federal Rules of Civil Procedure provides:
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

There has been no motion for the substitution of a proper party in this case and more than 90 days have passed since the Notice of Death was filed on August 6, 2010.  As such, pursuant to Rule 25, dismissal is appropriate.  *See Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 21 n .5 (9th Cir. 1981) ("[a]lthough the [co-plaintiff's] death was suggested on the record, no party ever moved for substitution of his legal representative in this action.  Therefore, he should have been dismissed" pursuant to Rule 25(a)(1)).

The Court will recommend the dismissal be without prejudice.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Defendant's Motion to Dismiss (Court Doc. 49) should be granted and this matter should be dismissed without prejudice.

2. The Clerk of Court should be directed to enter judgment in compliance with [Rule 58 of the Federal Rules of Civil Procedure](#) and close this case.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to [Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure](#) that any appeal of the decisions in this case would not be taken in good faith. Mr. Dunsmore failed to make any effort to comply with [Rule 25](#) and failed to state a claim regarding the Defendants previously dismissed. As such, no reasonable person could suppose that an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](#), the parties may serve and file written objections to these Findings and Recommendations within

fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO GRANT
DEFENDANT'S MOTION TO DISMISS – CV-10-00004-H-DWM-RKS / PAGE 4

DATED this 8th day of December, 2010.

                                              /s/ Keith Strong
                                              Keith Strong
                                              United States Magistrate Judge